Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2336 - (MDL 1403) | **DATE** | 3/7/2002 |
| **CASE TITLE** | Nash vs Kellogg Co., Inc. et al. | | |



**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Final Order Approving Class Action Settlement. Enter Final Judgment and Dismissal with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 12 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 15 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 02 MAR 11 PM 2:57 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE STARLINK CORN PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1403 **DOCKETED MAR 1 2 2002** |
| This document is applicable to: | Hon. James B. Moran |
| KEITH FINGER, GLENITA BELL (individually as guardian of Paul Bell, a minor), and JUDY JOHNSON, on behalf of themselves and all others similarly situated, | Case No. ~~01 C 1181~~ 01 C 2336 |
| Plaintiffs, | |
| v. | |
| KRAFT FOODS NORTH AMERICA, INC. f/k/a KRAFT FOODS, INC., AZTECA FOODS, INC., AZTECA MILLING, L.P., AVENTIS CROPSCIENCE USA HOLDING, INC., ADVANTA USA, INC. f/k/a GARST SEED COMPANY, GRUMA CORPORATION d/b/a MISSION FOODS COMPANY, and KELLOGG COMPANY | |
| Defendants. | |

FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

WHEREAS, Class Representatives, by and through their undersigned counsel, filed an Amended Class Action Complaint in the above-referenced action on November 28, 2001, against the Defendants Aventis CropScience USA Holding, Inc. ("Aventis CropScience"), Kraft Foods North America, Inc. f/k/a Kraft Foods, Inc, ("Kraft"),



Azteca Milling, L.P. ("Azteca Milling), Azteca Foods, Inc. ("Azteca Foods"), Gruma Corporation d/b/a Mission Foods ("Mission Foods"), Kellogg Company ("Kellogg"), and Advanta USA, Inc. f/k/a Garst Seed Company ("Garst");

WHEREAS, Defendants deny liability to the Plaintiffs and members of the proposed class;

WHEREAS, Plaintiffs and certain Defendants have entered into an Agreement of Compromise and Settlement dated November 12, 2001, in which the parties to such Agreement have agreed upon a settlement of this action;

WHEREAS, on November 29, 2001, the Court entered its Findings and Order Conditionally Certifying a Class For Settlement Purposes, Preliminarily Approving the Class Settlement, Directing the Issuance of a Class Notice to the Class and Scheduling a Fairness Hearing ("Preliminary Approval Order"), preliminarily certifying the putative class in this action for settlement purposes only under Fed. R. Civ. P. 23(a), (b)(3), and 23(c)(2); staying all discovery and other pretrial proceedings in the above-captioned Multidistrict Litigation relating to consumer claims; approving the Notice Plan in the Agreement; ordering publication of the Publication Notice, scheduling a Fairness Hearing for February 26, 2002 and providing class members with an opportunity either to exclude themselves from the settlement class or object to the proposed settlement;

WHEREAS on February 26, 2002, the Court held a Fairness Hearing to determine, among other things, whether to give final approval to the proposed settlement, and the Plaintiffs, Defendants and objectors to the settlement having appeared through their attorneys.

NOW, THEREFORE, upon reviewing the written submissions of the parties, Class Members and Objectors, on the oral argument at the Fairness Hearing, and based on the joint application of the parties:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows (all capitalized terms being defined as they are in the Agreement unless otherwise specified or defined herein):

1. <u>Incorporation of Other Documents</u>. This Final Order Approving Class Action Settlement incorporates and makes a part hereof the Agreement of Compromise and Settlement, filed with this Court on November 12, 2001.

2. <u>Jurisdiction</u>. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists between each named plaintiff and defendant. Specifically, plaintiffs are citizens of Florida, South Carolina and Kentucky. None of the defendants is incorporated in or has its principal place of business in such states. The amount-in-controversy requirement is also met here. First, Plaintiff Finger seeks money damages in excess of $75,000; therefore, the Court has jurisdiction over his claim. In addition, this Court has supplemental jurisdiction over all other plaintiffs and Class Members pursuant to 28 U.S.C. § 1367(a). Further, each named plaintiff seeks injunctive relief that places in controversy more than $75,000. None of the parties contests this Court's personal jurisdiction over them. In addition, notice and an opportunity to opt-out or be heard having been given, this Court has jurisdiction over unnamed class members pursuant to *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 811-12 (1985).

3

3. <u>Final Class Certification</u>. The class this Court previously certified preliminarily is hereby finally certified for settlement purposes under Fed. R. Civ. P. 23(a), (b)(3), and 23(c)(2), the Court finding that the class fully satisfies all the applicable requirements of Fed. R. Civ. P. 23 and due process.

4. <u>Adequacy of Representation</u>. Class Counsel Clinton A. Krislov, Esq., Krislov & Associates, Ltd., Ben Barnow, Esq., Barnow and Goldberg, P.C. and William J. Harte, Esq., Law Offices of William J. Harte, Ltd., and the Class Representatives Keith Finger, Glenita Bell, and Judy Johnson have fully and adequately represented the class for purposes of entering into and implementing the settlement and have satisfied the requirements of Fed. R. Civ. P. 23(a)(4).

5. <u>Class Notice</u>. The Court finds that the publication of the Publication Notice implemented pursuant to the Agreement and this Court's Preliminary Approval Order:

    a. constituted the best practicable notice to Class Members under the circumstances of this action;

    b. constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of this action, (ii) their right to exclude themselves from the class and the proposed settlement, (iii) their right to object to any aspect of the proposed settlement (including final certification of the settlement class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the class's representation by Plaintiffs or Plaintiffs' counsel, and/or the award of attorneys' fees), (iv) their right to

appear at the Fairness Hearing – either on their own or through counsel hired at their own expense – if they did not exclude themselves from the Class, and (v) the binding effect of the Orders and Judgment in this action, whether favorable or unfavorable, on all persons who do not request exclusion from the class; and

  c.  constituted notice that fully satisfied the requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c)(2) and (e)), the United States Constitution (including the Due Process Clause), and any other applicable law.

  6.  <u>Final Settlement Approval</u>. The terms and provisions of the Agreement, including all exhibits and amendments thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the Class Representatives and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law. The parties and Class Members are hereby directed to implement and consummate the Agreement according to its terms and provisions.

  7.  <u>Binding Effect</u>. The terms of the Agreement and of this Order and the accompanying Final Judgment shall be forever binding on the Class Representatives and all other Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of

any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this Action or are otherwise encompassed by the Released Claims.

8. <u>Permanent Injunction</u>: All Class Members who have not been timely excluded from the class and any other person, representative, or entity acting on their behalf or in concert or participation with any of them, are hereby permanently barred and enjoined from (i) filing, commencing, prosecuting, maintaining, intervening in, participating in (as members of a class or otherwise), or receiving any benefits or other relief from, any other claim, lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction arising out of the Released Claims; and (ii) organizing or soliciting the participation of any Class Members into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any claim, lawsuit or other proceeding arising out of the Released Claims. The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the action and to protect and effectuate the Court's Final Order and Judgment, and, accordingly, within this Court's authority under the All Writs Act, 28 U.S.C. § 1651.

9. <u>Enforcement of Settlement</u>: Nothing in this Final Order or the accompanying Final Judgment shall preclude any action to enforce the terms of the Agreement.

10. <u>Attorneys' Fees and Expenses</u>. The Court hereby awards $2,365,500 to Class Counsel as reasonable attorneys' fees for the services they have rendered to and the benefit they have conferred upon the Class and as reimbursement of costs and expenses reasonably incurred on behalf of the Class. Such amounts shall be paid to Class Counsel from the Settlement Fund pursuant to the terms of the Agreement.

11. <u>Incentive Awards</u>. For the burden, inconvenience, time, effort and expense they have borne or expended as representatives of the Class, the Court hereby authorizes the payment of $10,000 to Class Representative Finger, $2,500 to Class Representative Johnson and $5,000 to Class Representative Bell. The Court also authorizes payment of $5,000 to Wallace Wasson, who was proposed as a class representative in related litigation and from whose time and effort this Class benefitted. The Court also authorizes payment of $2,000 each to Michelle Brown, Dalton Chandler, Cassandra McClinton, Charlotte M. Henley, Mary Gibson and Vina Lavender who were proposed as Class Representatives in related litigation and from whose time and effort this Class benefitted. Such amounts shall be paid from the Settlement Fund pursuant to the terms of the Agreement.

12. <u>Modification of the Agreement</u>. The parties are hereby authorized without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Agreement, as are consistent with this Final Order and do not limit the rights of Class Members under the Agreement.

13. <u>Retention of Jurisdiction</u>. The Court has jurisdiction to enter this Final Order and the accompanying Final Judgment. Without in any way affecting the finality

of this Final Order and the accompanying Final Judgment, the Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Agreement and of this Final Order and the accompanying Final Judgment, and for any other necessary purpose, including, without limitation:

    a.    enforcing the terms and conditions of the Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Agreement, this Final Order or the Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member; whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and the Final Judgment, etc.);

    b.    entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Order and the Final Judgment approving the Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members, and others acting on their behalf, from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement;

    c.    entertaining and disposing of any application by Class Counsel regarding the distribution of attorneys' fees and/or expenses awarded by this Court; and

    d.    entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction;

*provided, however*, that nothing in this paragraph is intended to restrict the ability of the parties to exercise their rights pursuant to paragraph 12 above.

14. <u>No Admissions</u>. Neither this Final Order and the accompanying Final Judgment nor the Agreement (nor any other document referred to here, nor any action taken to carry out this Order and the Final Judgment) is, may be construed as, or may be used as, an admission or concession by or against the Defendants or Class Members, regarding the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever. Entering into or carrying out the Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to the Defendants' denials or defenses and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Order and Final Judgment and the Agreement; *provided, however*, that this Final Order, the accompanying Final Judgment and the Agreement may be filed in any action against or by the Defendants or Releases to support a defense of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

15. <u>Denial of Motions to Intervene:</u> The Court has reviewed the motions to intervene filed by objectors Melissa Nolet and Mercedes Valenzuela. Following such review and having heard argument on such motions at the Fairness Hearing, such motions are hereby denied.

16. <u>Dismissal of Action</u>. This action, including all individual and class claims resolved in it, is hereby dismissed on the merits and with prejudice against Class Representatives and all other Class Members, without fees or costs to any party except as otherwise provided in this Order and the Final Judgment. In addition, the following additional actions pending before this Court are dismissed with prejudice, without fees or costs to any party: *Nash v. Kellogg Co., Inc., Garst Seed Company and Aventis CropScience USA Holding, Inc.*, No. 01 C 2336 (N.D. Ill.); *Johnson v. Kraft Foods, Inc., Gruma, S.A. De C.V., Azteca Milling, L.P., Garst Seed Company, Aventis CropScience USA Holding, Inc., and Aventis S.A.*, No. 01 C 1577 (N.D. Ill.); *Place, et al. v. Kraft Foods, Inc., Azteca Milling L.P., Aventis CropScience USA Holding, Inc., and Garst Seed Company*, No. 00 C 6865 (N.D. Ill.); *Reyes v. Azteca Milling, L.P., Mission Food Company and Kraft Foods, Inc.*, No. 01 C 4932 (N.D. Ill, transferred from S.D. Tex., No. M-00-268); *Vargas v. Kraft Foods, Inc., Azteca Milling, L.P., Mission Foods Company, Aventis CropService USA Holding, Inc., and Garst Seed Company*, No. 01 C 4931 (N.D. Ill., transferred from E.D. Tex, No. 1000CV 850).

17. <u>Rule 58 Separate Judgment</u>. The Court will separately enter the accompanying Final Judgment in accordance with Fed. R. Civ. P. 58.

SO ORDERED this 7th day of March, 2002.

*James B. Moran*
JAMES B. MORAN
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE STARLINK CORN PRODUCTS LIABILITY LITIGATION | : : : | MDL Docket No. 1403 |
| | : | Hon. James B. Moran |
| This document is applicable to: ALL CONSUMER ACTIONS | : : : | |
| Finger, et al. v. Kraft Foods North America, Inc., et al. | : : : | No. 01 C 1181 |
| Johnson v. Kraft Foods, Inc., et al. | : : | No. 01 C 1577 |
| Nash v. Kellogg Co., Inc., et al. | : : | No. 01 C 2336 |
| Place, et al. v. Kraft Foods, Inc., et al. | : : | No. 00 C 6865 |
| Reyes v. Azteca Milling, L.P., et al. | : : | No. 01 C 4932 |
| Vargas v. Kraft Foods, Inc., et al. | : : | No. 01 C 4931 |

DOCKETED MAR 1 2 2002

## FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE

IT IS HEREBY ADJUDGED AND DECREED THAT:

1. On this date, the Court has entered its Final Order Approving Class Action Settlement in *Keith Finger, Glenita Bell (individually as guardian of Paul Bell, a minor), and Judy Johnson, on behalf of themselves and all others similarly situated, Plaintiffs v. Kraft Foods North America, Inc. f/k/a Kraft Foods, Inc., Azteca Foods, Inc., Azteca Milling, L.P., Aventis CropScience USA Holding, Inc., Advanta USA, Inc. f/k/a Garst Seed Company, Gruma Corporation d/b/a Mission Foods Company, and Kellogg Company, Defendants*, No. 01 C 1181, in which the Court certified the class described

therein for settlement purposes; determined that the best practicable notice to Class Members had been given and that such notice comported with the requirements of due process and Federal Rule of Civil Procedure 23; approved the settlement of such class action as fair, reasonable and adequate; issued an order permanently enjoining Class Members from pursuing claims released by the settlement agreement; and retained jurisdiction over the enforcement and implementation of the settlement. Such order is incorporated herein by reference.

2. For the reasons set forth in the Final Order Approving Class Action Settlement, the above-captioned actions are hereby dismissed in their entirety and as to all Defendants on the merits and with prejudice, without fees or costs to any party except as set forth in this Court's Final Order Approving Class Action Settlement.

There being no just reason for delay, FINAL JUDGMENT is hereby entered in accordance with Federal Rule of Civil Procedure 58 this 7th day of March, 2002.

*James B. Moran*
JAMES B. MORAN
UNITED STATES DISTRICT JUDGE